NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM L. APGAR,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7113

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-2212, Chief Judge Bruce E. Kasold.

---

Decided: February 8, 2016

---

WILLIAM L. APGAR, Spring Hill, FL, pro se.

JEFFREY LOWRY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by PATRICIA M. MCCARTHY, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER; Y. KEN LEE, BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

------------------------

Before CHEN, CLEVENGER, and BRYSON, *Circuit Judges.*

PER CURIAM.

William L. Apgar seeks review of the decision of the Court of Veterans Claims (Veterans Court) affirming the decision of the Board of Veterans' Appeals (Board). For the reasons stated below, we dismiss Mr. Apgar's appeal for lack of jurisdiction.

## BACKGROUND

Mr. Apgar served in the U.S. Navy from November 21, 1988, to January 18, 1990. On March, 10, 2010, Mr. Apgar submitted an application for veterans' disability benefits. The Department of Veterans' Affairs (VA) notified Mr. Apgar that his application was incomplete and requested that Mr. Apgar identify his claimed disability. Mr. Apgar responded to the VA on June 13, 2011, and ultimately explained that he was seeking disability benefits for a service-connected psychiatric disability. The VA found that Mr. Apgar established entitlement to service connection and assigned a 100 percent disability rating effective October 30, 2012.

Mr. Apgar appealed the assigned effective date, and the Board determined Mr. Apgar's claim was effective back to June 13, 2011. The Board denied Mr. Apgar's request to move that effective date back to January 1990, explaining that 38 U.S.C. § 5110 and 38 C.F.R. § 3.400 direct that the effective date will be the date of the receipt of the original claim or the date entitlement arose, whichever is later.

Mr. Apgar appealed to the Veterans Court, arguing that he tried to file a claim for benefits after exiting service in 1990, but was repeatedly told that he was not entitled to any benefits. The Veterans Court reviewed

Mr. Apgar's evidence and determined that the evidence did not demonstrate any confusion or misleading advice that warranted an equitable remedy of an earlier effective date. The Veterans Court affirmed the Board's decision.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We have jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010) (citing 38 U.S.C. § 7292(c)). "Absent a constitutional issue, however, we lack the jurisdiction to 'review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.'" *Id.* (quoting 38 U.S.C. § 7292(d)(2)).

Mr. Apgar asserts that the Veterans Court erred by setting his effective date for disability benefits to the date of his benefits application rather than to the date he was discharged from the Navy, because medical evidence shows that he was subjected to serious trauma during his active service. Appellant Br. at 3. Mr. Apgar also alleges that the VA psychiatrist misdiagnosed him with a personality disorder on the day he was discharged. *Id.*

The relevant statute, 38 U.S.C. § 5110, sets the "effective date of an award based on an original claim" to be "not [] earlier than the date of receipt of application" of that claim, with limited exceptions not applicable to this case. Mr. Apgar does not challenge the validity of that statute or the validity of the implementing regulation, 38 C.F.R. § 3.400. Instead, Mr. Apgar asks that we assign his award an earlier effective date on the ground that his submitted medical evidence supports his view that his disability arose during service, and, under the law, he should be entitled to benefits from the time of his dis-

charge date. Appellant Br. at 3. We cannot consider Mr. Apgar's argument because this Court was not given jurisdiction to determine whether the law was correctly applied to Mr. Apgar's facts. *See* 38 U.S.C. § 7292(d)(2). We also cannot consider Mr. Apgar's allegation that it is his "Constitutional Right to have a Disability Rating on the Date of Discharge" because this allegation is constitutional in name only, and he is really challenging how the law should be applied to his facts. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

We have considered Mr. Apgar's remaining arguments and his submission of supplemental information, and find nothing that gives this Court jurisdiction over Mr. Apgar's appeal. We therefore must dismiss this appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No Costs.